ESTATE OF CHARLES KEEGAN, APPELLANT, V. MAGGIE
WELCH, APPELLEE.

FILED JANUARY 9, 1909. No. 15,423.

1. **Special Administrators: APPOINTMENT.** Under section 5045, Ann.
St. 1907, whenever it is made to appear to the probate court that
for any reasonable cause the interests of an estate pending in
said court demand action by some one authorized to act prior to
the time when letters testamentary or of administration can be
issued, it is the duty of such court to appoint a special admin-
istrator to act in collecting and taking charge of the estate until
an executor or administrator has been appointed.

2. ——: ——: NOTICE. And in such a case said court may appoint
such administrator immediately, and without notice to the heirs
or devisees of the deceased.

APPEAL from the district court for Otoe county: PAUL
JESSEN, JUDGE. *Affirmed.*

*A. P. Moran* and *W. F. Moran,* for appellant.

*Roddy & Bischof, contra.*

FAWCETT, J.

On March 3, 1907, Charles Keegan, departed this life,
leaving a last will and testament, which, at the time of
his death, appears to have been in the custody of defend-
ant, Maggie Welch. On March 16 defendant filed said
will in the probate court of Otoe county, together with a
petition for the probate thereof. On the same day she
filed a petition asking for the appointment of a special
administrator to collect and care for the property of de-
ceased until the issuance of letters testamentary. In her
petition she alleged that the court had entered an order
requiring notice of the pendency of the petition for pro-
bate of the will to be published in a newspaper for a
period of three weeks, and that by reason thereof the
issue of letters testamentary would be delayed for one
month; that said Charles Keegan died seized of 30 acres

of farm land in Otoe county (particularly described), together with real estate in the city of Nebraska City; that the farm land had not been rented for the season of 1907; that a tenant should be secured within the next 30 days; and that a special administrator should be appointed for that purpose and for the purpose of collecting rents and looking after the other property of said estate, to the end that said estate might be preserved for the best interests of all parties interested therein. The probate court granted the prayer of the petitioner, and appointed the petitioner, Maggie Welch, as such special administratrix. Defendant thereupon gave bond, duly qualified, and acted as such administratrix until the appointment of an executor, when she filed her report as such special administratrix, which, over the objection of Ann Mallon residuary legatee under the will, and W. F. Moran, executor, was approved, and the special administratrix discharged. Error proceedings were prosecuted to the district court by the objectors, where the rulings of the probate court were sustained, and its judgment affirmed. From such judgment of the district court, this appeal is prosecuted by the executor alone.

While numerous assignments of error are made by plaintiff, but two are insisted upon in his brief, viz.: (1) That the petition asking for the appointment of a special administrator failed to state a cause of action. (2) That the county court had no jurisdiction to appoint such special administratrix.

Plaintiff contends that the only authority a probate court has for the appointment of a special administrator is derived from section 5045, Ann. St. 1907, which is as follows: "When there shall be a delay in granting letters testamentary, or of administration, occasioned by an appeal from the allowance or disallowance of the will, or from any other cause, the judge of probate may appoint an administrator to act in collecting and taking charge of the estate of the deceased, until the question on the allowance of the will, or such other question as shall oc-

casion the delay, shall be terminated, and an executor or administrator be thereupon appointed, and no appeal shall be allowed from the appointment of such special administration."

Plaintiff contends that this statute contemplates a delay occasioned by some action not provided for in the general statute; that there must be some delay caused by some action out of the ordinary; that it will not be sufficient to say that the appointment of the regular executor will be delayed on account of the time necessary for the service; that the petition in this case, excluding the conclusions, did not give the court jurisdiction to appoint a special administrator; that it showed on its face that the only delay would be delay necessary to secure service, which, he argues, is not sufficient. In this view of the statute we are unable to concur. We think the language of the section of the statute quoted, "or from any other cause," must be construed to mean that, whenever it appears to the probate court that for any cause the interests of the estate demand action by some one authorized to act prior to the time when letters testamentary can be issued and an executor appointed under the will of a deceased person, the probate court not only has the power, but it is its duty, to appoint such special administrator. In this case the petition showed that there was a tract of farm land, which is shown by the inventory to have been worth $3,500, which had not been rented for the year 1907. It was then March 16, more than two weeks past the time when farm lands are ordinarily rented for the current year. Under the order of the court requiring three weeks' publication of notice of the petition for probate of the will, no executor could be appointed prior to the early part of April, a delay which would seriously interfere with the renting of the land for that year. This delay might deprive the estate of its entire income for a whole year from $3,500 worth of real estate. It is clear that the action of the probate court in appointing the special administrator under those circumstances was not

only within its jurisdiction, and not an abuse of discretion, but was the performance of a plain duty, and that the district court was right in affirming its action.

The judgment of the district court is

AFFIRMED.